**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
**MARLON MONROE., SBN 251897**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
LawyersFTP.com
APointer@LawyersFTP.com
PBuelna@LawyersFTP.com
TClarke@LawyersFTP.com
MMonroe@LawyersFTP.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ANTHONY BONINO, individually and as Co-Successor-in-Interest to Decedent DAVID BONINO II; LACY WENTZ, individually and as Co-Successor-in-Interest to Decedent DAVID BONINO II; TEHYA DYANI LITTLE CLOUD, individually and as Co-Successor-in-Interest to Decedent DAVID BONINO II; and ZOE CRAVEN, individually and as Co-Successor-in-Interest to Decedent DAVID BONINO II,<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF BERKELEY, a municipal corporation; and DOES 1-50, inclusive.<br><br>   Defendants. | Case No:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C §1983)<br><br><u>JURY TRIAL DEMANDED</u> |

# INTRODUCTION

1. On an early Monday evening, November 6, 2023, at approximately 5:26 p.m., 39-year-old unarmed David Bonino II was driving through Berkeley on his way home with his girlfriend. As he drove up Grayson Street, Mr. Bonino II found his path blocked by a patrol vehicle parked in the middle of the street.

2. Mr. Bonino II attempted to go around the patrol vehicle blocking his path and drove on to the curb. Out of sight, out of the vehicle's path and unknown to Mr. Bonino II was an officer positioned behind a pickup truck that was detaining another individual.

3. After driving slowly onto the curb, a yet-to-be identified officer fired multiple rounds into the driver's side window of the vehicle Mr. Bonino II was driving. The yet-to-be identified officer fired the rounds from a safe position as the vehicle Mr. Bonino II drove slowly turned its wheels parallel to the sidewalk.

4. The yet-to-be identified officer then continued firing his weapon into the driver's side window as it drove by the officer. The vehicle driven by Mr. Bonino II came to a stop shortly after. As Mr. Bonino II lay motionless bleeding out in the driver's seat, officers spent the next few minutes shouting for him to exit the vehicle. Mr. Bonino II's last moments were a painful, agonizing and torturous death.

5. The shooting was captured on video. It is clear from the video and witnesses that the yet-to-be-identified officer was not in the path of the vehicle Mr. Bonino II was driving and was not in imminent danger. It is also clear that shots fired by the yet-to-be-identified officer, at point blank range and as the vehicle drove past him, were unnecessary and deadly.

6. Mr. Bonino II did not verbally threaten any of the officers or brandish a gun. In fact, Mr. Bonino II was unarmed and did not pose a deadly threat to the Officers or anyone else at the time he was shot at on Grayson Street.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140 Oakland, CA 94612
Tel: (510) 929 - 5400

7. Defendant Officers failed to make any reasonable efforts to bring Mr. Bonino II into custody without using deadly force. Instead, Officers recklessly opened fire within mere seconds of Mr. Bonino II driving onto the curb when it was unnecessary to do so and without using less-lethal weapons or any other de-escalation techniques. The actions of the yet-to-be-identified officer endangered the lives of everyone in the vehicle Mr. Bonino II was driving and ultimately killed Mr. Bonino II. Mr. Bonino II's surviving family members bring this lawsuit for their loss.

## JURISDICTION

8. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in BERKELEY, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

9. DECEDENT DAVID BONINO II was 39 years old at the time of his death. He has no wife, children and his parents are deceased. He is survived by his biological siblings Michael Anthony Bonino, Lacy Wentz, Tehya Dyani Little Cloud and Zoe Craven.

10. Plaintiff MICHAEL ANTHONY BONINO is a competent adult. Plaintiff brings his claims on behalf of DECEDENT and individually under Code of Civil Procedure §§377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. The wrongful death and survival claims survive the death of DECEDENT; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure §377.62.

11. Plaintiff LACY WENTZ is a competent adult. Plaintiff brings her claims on behalf of DECEDENT and individually under Code of Civil Procedure §§377.20 et seq. and 377.60 et

seq., which provide for survival and wrongful death actions. The wrongful death and survival claims survive the death of DECEDENT; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure §377.62.

12. Plaintiff TEHYA DYANI LITTLE CLOUD is a competent adult. Plaintiff brings her claims on behalf of DECEDENT and individually under Code of Civil Procedure §§377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. The wrongful death and survival claims survive the death of DECEDENT; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure §377.62.

13. Plaintiff ZOE CRAVEN is a competent adult. Plaintiff brings her claims on behalf of DECEDENT and individually under Code of Civil Procedure §§377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. The wrongful death and survival claims survive the death of DECEDENT; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure §377.62.

14. Defendant CITY OF BERKELEY ("Defendant City") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the BERKELEY POLICE DEPARTMENT. Defendant Berkeley is vicariously liable, pursuant to California Government Code §815.2, for the violation of rights by its employees and agents.

15. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.

Plaintiffs will amend this complaint to allege the true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

16. In doing the acts alleged herein, Defendants and each of them, acted within the course and scope of their employment for CITY OF BERKELEY.

17. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

18. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

/

## FACTUAL ALLEGATIONS

19. On November 6, 2023, David Bonino II was driving a vehicle through Berkeley with his girlfriend riding in the passenger seat. When they reached the area of Grayson & 7th Street, in Berkeley, they encountered an unoccupied patrol car blocking the middle of the street.

20. Bonino II, seeing no way to progress forward, placed his car in reverse. Unbeknown to Bonino II, a second patrol car approached the rear of Bonino's vehicle at a high rate of speed.

21. As opposed to reversing or moving to the side, the patrol car tailing Mr. Bonino II at a high rate of speed stopped in the street directly behind Bonino which caused a low-speed fender bender when Mr. Bonino II reversed into the patrol car behind him.

22. No air bags were deployed by the patrol vehicle positioned behind Bonino and the officer driving the struck vehicle appeared unfazed by the fender bender as he did not scream, call out for help, or report any injuries.

23. Despite lack of any injury or urgency on behalf of the officer driving the struck patrol vehicle, another yet-to-be-identified officer is overheard on the radio screaming, "245 on officer! 245 on an officer!"

24. Seeing no other way around the patrol vehicles blocking his path, Bonino's vehicle then slowly drove towards the curb on the right in between a work truck and an RV. At the time, one officer was standing on the sidewalk next to the RV, shining his flash light at the vehicle being driven by Bonino. The officer was a safe distance away from the vehicle and not in the vehicle's path as it drove slowly onto the curb and sidewalk.

25. A second officer was positioned on the sidewalk, but was located behind a pick-up truck and out of the line of sight of the Mr. Bonino II and his passenger – and was not in the vehicle's path either.

26. Mr. Bonino II drove onto the curb at an angle that had the front of the vehicle facing the building across from the officer that fired the deadly shots. Before the vehicle's wheel turned parallel to the sidewalk, the hidden, yet-to-be-identified officer, began firing his weapon into Bonino's driver-side window.

27. Once the vehicle straightened its tires and began driving parallel, the yet-to-be identified officer continued firing his gun into the driver's side window at point blank range as the car passed by him at a slow rate of speed similar to a person passing shoppers in a grocery store parking lot.

28. The vehicle Mr. Bonino was driving came to a stop moments after being shot into several times. As Mr. Bonino II lay motionless bleeding to death in the driver's seat, officers spent the next few minutes shouting for him to exit the vehicle. Mr. Bonino II's last moments were a painful, agonizing and torturous death.

29. Officers failed to make any reasonable efforts to bring Mr. Bonino II into custody without using deadly force. They violated departmental training and policies that discouraged shooting at moving vehicle because it was both ineffective and dangerous. The trainings further discouraged officers to stand or take position in or near a vehicle's path and encouraged officers to simply move out of the path. Here, officers recklessly opened fire within mere seconds of seeing Mr. Bonino II drive onto the sidewalk without using less lethal weapons or any other de-escalation techniques, or being a serious threat to anyone.

## DAMAGES

30. As a direct and proximate result of each of the Defendant's unreasonable and excessive force, Decedent and Plaintiffs suffered injuries, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as United States Citizens.

31. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others.

   a. Wrongful death of DAVID BONINO II;
   b. Hospital and medical expenses;
   c. Coroner's fees, funeral and burial expenses;
   d. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;
   e. Pain and Suffering, including emotional distress (by all Plaintiffs, based on individual §1983 claim for loss of familial association);

    f. DAVID BONINO II's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

    g. DAVID BONINO II's loss of life, pursuant to federal civil rights law; and

    h. Violation of constitutional rights;

    i. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

32. The conduct of Defendants CITY OF BERKELEY and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of DAVID BONINO II, Plaintiffs, and the public. Plaintiffs are therefore entitled to an award of punitive damages against Defendant DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiffs as successors-in-interest to Decedent's survival claim against yet-to-be-identified officer DOES 1-25)*

33. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

34. When yet-to-be-identified Defendant police officers shot Decedent, Decedent was not a credible threat, unarmed and outnumbered. Defendants' conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution.

35. The yet-to-be-identified Defendant Police Officers are each individually liable both as actors and as INTEGRAL PARTICIPANTS in the unlawful killing of Decedent.

36. As a result of this misconduct, Defendants are liable for Decedent's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code §52.1))
*(All Plaintiffs individually and as co-successors-in-interest against yet-to-be-identified officer Defendant DOES 1-25 and CITY OF BERKELEY)*

37. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as fully set forth here.

38. Plaintiffs bring this "Bane Act" claim on behalf of Decedent's rights (right to be free from excessive force) pursuant to California Code of Civil Procedure §377.20 *et seq.* for violation of Decedent's rights.

39. By their conduct described herein, Defendant Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiffs' and Decedent's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. DAVID BONINO II's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, §13 of the California Constitution;

   b. DAVID BONINO II's right to be free from excessive and unreasonable force while in custody, as secured by the Fourth and Fourteenth Amendment to the United States Constitution and by Article 1, §13 of the California Constitution;

40. Defendants used unlawful, excessive and deadly force which violates the Fourth Amendment and violates the Bane Act.[1]  Defendants' use of unlawful deadly force against

---

[1] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

DAVID BONINO II, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

41. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Decedent's rights; none was accidental or merely negligent.

42. Alternatively, Defendants violated Plaintiffs' and Decedent's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

   a. Threatening DAVID BONINO II. in the absence of any threat presented by DAVID BONINO II, or any justification whatsoever;

   b. Threatening violence against DAVID BONINO II, with the apparent ability to carry out such threats, in violation of Civ. Code §52.1(j);

   c. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

43. Defendant City of Berkeley is vicariously liable, pursuant to California Government Code §815.2, for the violation of rights by its employees and agents.

44. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' and Decedent's rights under the United States and California Constitutions, Plaintiffs (as Successors in Interest) sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Battery – Violation of California Penal Code §242)
*(Plaintiffs as co-successors-in-interest against yet-to-be identified Defendant DOES 1-25 and CITY OF BERKELEY)*

45. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

46. Defendant Does 1-25, while working as law enforcement officers for the CITY OF BERKELEY, and acting within the course and scope of their duties, intentionally shot Decedent without a lawful basis.

47. As a result of the actions of the DEFENDANTS, Decedent suffered physical injuries. The Does did not have legal justification for using force against Decedent, and the DEFENDANTS' use of force while carrying out their law enforcement officer duties was an unreasonable use of force

48. Defendant City of Berkeley is vicariously liable, pursuant to California Government Code §815.2, for the violation of rights by its employees and agents.

49. As a direct and proximate result of Defendants' assault and battery of DAVID BONINO II, Decedent sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Negligence – Wrongful Death & Survival Action)
*(Plaintiffs as co-successors-in-interest and individually against yet-to-be identified Defendant Officers* and *CITY and DOES 1-25)*

50. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

51. At all times, Defendant Does 1-50 owed Plaintiffs and Decedent the duty to act with due

care in the execution and enforcement of any right, law, or legal obligation.

52. At all times, Defendant Does 1-50 owed Plaintiffs and Decedent the duty to act with reasonable care.

53. These general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against DAVID BONINO II;

    b. to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

    c. to refrain from abusing their authority granted them by law; and

    d. to refrain from violating Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

54. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and Decedent.

55. Defendant CITY OF BERKELEY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code §815.2.

56. As a direct and proximate result of Defendants' negligence, Decedent sustained injuries and damages and, against each and every Defendant, is entitled to relief as set forth above and per Code of Civil Procedure §§377.20 et seq. and 377.60 *et seq.*, which provide for survival and wrongful death actions.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### **JURY DEMAND**

57. Plaintiffs hereby demand a jury trial in this action.

# **PRAYER**

WHEREFORE, Plaintiffs pray for relief, against each and every Defendant, jointly and severally, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against yet-to-be-identified officers DOES 1-25 in a sum according to proof;

4. All other damages, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Date: January 10, 2025                                    Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/*Marlon L. Monroe*
MARLON L. MONROE
COUNSEL FOR PLAINTIFFS